**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Miracle-Ear, Inc., a Minnesota corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>South Georgia Hearing, Inc., a Georgia corporation, M. and M. Hearing, Inc., a Florida corporation, and<br>Michael A. Miller,<br><br>    Defendants. | Case No. 10-cv-4815 (JNE/AJB)<br><br>**ORDER FOR PERMANENT INJUNCTION** |

Based upon the parties' stipulation to the entry of a Permanent Injunction, the terms of which are set forth below,

**IT IS HEREBY ORDERED THAT:**

1. **Compliance with TRO.** The parties agree and acknowledge that Defendants have complied with paragraphs 1 through 3 of the Court's Order on Plaintiff's Motion for Temporary Restraining Order, dated January 6, 2011, calling for transfer of telephone numbers, turnover of confidential materials and software, and delivery of client files. Miracle-Ear is currently having such files copied by a vendor and will return the original files or a copy thereof to Defendants promptly following completion of the copying. The parties further agree that a Miracle-Ear representative visited Defendants' premises and confirmed that Miracle-Ear's proprietary software has been removed from Defendants' computers, confidential materials have been returned and Miracle-Ear's confidential information is not being used.

2. **Customer Lists and Files.** Defendants, and their employees, agents and others acting on their behalf, will not use or consult the contents of any customer lists or files except as otherwise permitted in this Order or until further ordered by the Court.

3. **Customer Contacts.** Defendants, and their employees, agents and others acting on their behalf, shall not contact, directly or indirectly, any Miracle-Ear customers. No contact means: Defendants may not initiate telephone calls, email messages, direct mail specifically directed to Miracle-Ear customers or personal contacts with Miracle-Ear customers. No contact does not include advertising in generally circulated newspapers, billboards, radio or television, media outlets, or direct mail that is part of a general direct mail solicitation managed by a third party from a list designated by zip codes or geographic area which Defendants have cleansed of known Miracle-Ear customer names and addresses, but which may incidentally include addresses of persons who are Miracle-Ear customers. If any Miracle-Ear customer seeks to take advantage of any offer contained in such a direct mail solicitation, Defendants shall not honor such offer, and shall have such customer's name and address removed from future mailings. None of the permitted advertising shall use the Miracle-Ear name or trademarks, or reference Defendants' prior relationship with Miracle-Ear in any way.

4. **Walk-In Customers.** If a customer or person with a Miracle-Ear branded hearing aid comes in person to one of the Defendants' locations (a "walk-in" customer), Defendants, and their employees, agents and others acting on their behalf, must not provide any services to the walk-in customer or attempt to sell the walk-in customer any Nu-Ear or other non-Miracle-Ear products. Defendants must inform any walk-in

customers that Defendants cannot service Miracle-Ear hearing aids. Defendants must refer the customer to Miracle-Ear by providing the Miracle-Ear 1-800 number, 1-800-241-1372 or such other contact information as Miracle-Ear may provide from time to time. Defendants may answer truthfully in response to an unsolicited question about the business that they are now engaged in, and may, at the customer's unsolicited request, show the customer Defendant's products and sell them if so requested by the customer. If such sale or service is requested by the customer, the Defendants may consult the copy of the customer's Miracle-Ear file in order to provide appropriate care.

5. **Records of Contacts with Miracle-Ear Customers During Pendency of This Order.** Defendants will keep records of sales and services provided to persons who are former Miracle-Ear customers during the pendency of this Order. Records will be provided upon requests faxed to Michael Miller at (229) 247-5628. Upon receipt of a faxed request from Miracle-Ear, Defendants will, within four business days, send a copy of the record kept to Miracle-Ear by facsimile to (763) 268-4198 and directed to the attention of Lisa Riedesel, Esq.

6. **Non-Disparagement.** Defendants may not disparage Miracle-Ear products or Miracle-Ear's brand, ownership, management or personnel.

7. **Rome Office.** Pursuant to the agreement of the parties, Defendants will close the Rome, Georgia office no later than February 4, 2011.

8. **Lease Assignment.** Defendants will execute forthwith that certain lease assignment for premises in Albany, Georgia.

9. **Notice of Claimed Violation.** If any party believes that this Order has been or is being violated in any respect, it shall give the opposing party and their undersigned counsel written notice of the claimed violation at least 5 days prior to seeking relief from the Court, during which time the claimed violation may be cured, remedied, clarified or explained.

10. For purposes of this Order "customer" or "Miracle-Ear customer" means any customer of Defendants while Defendants operated as Miracle-Ear franchisees.

11. The parties agree that this Order will be effective through January 19, 2012 or until further Order of the Court, after which the restrictions on Defendants set forth in Paragraphs 2, 3, 4 and 5 above will expire.

Dated: 1-24-2011                    BY THE COURT:

                                    s/ Joan N. Ericksen
                                    Honorable Joan N. Ericksen