UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Miracle-Ear, Inc.,

      Plaintiff,

v.                                                    Civil No. 10-4815 (JNE/AJB)
                                                    ORDER

South Georgia Hearing, Inc.,
M. and M. Hearing, Inc., and
Michael A. Miller,

      Defendants.

In its Amended Complaint, Miracle-Ear, Inc., asserted claims against South Georgia Hearing, Inc., M. and M. Hearing, Inc., and Michael A. Miller for declaratory relief, breach of contract, misappropriation of confidential information, misappropriation of trade secrets, and unfair competition. Defendants answered, and M. and M. Hearing and South Georgia Hearing asserted counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Health Insurance Portability and Accountability Act (HIPAA), violation of the Minnesota Franchise Act, and tortious interference with contract and prospective economic advantage. Miracle-Ear moved to dismiss the counterclaims. The motion was scheduled to be heard on May 12, 2011. M. and M. Hearing and South Georgia Hearing did not respond to the motion. Instead, on May 5, 2011, W. Michael Garner, Defendants' counsel, filed a Notice of Withdrawal by which he purports to "withdraw[] as counsel to M&M Hearing, Inc. and South Georgia Hearing Inc." The Court cancelled the May 12 hearing. For the reasons set forth below, the Court construes the Notice of Withdrawal as a motion to withdraw, grants Mr. Garner's motion to withdraw, and grants Miracle-Ear's motion to dismiss the counterclaims.

## I. Notice of Withdrawal

"An attorney may withdraw from a case in which he or she has appeared only as" Local Rule 83.7 provides.  If multiple attorneys have appeared on behalf of a party and at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so, then the party's attorney may withdraw from a case by filing and serving a notice of withdrawal.  D. Minn. LR 83.7(a).  Under certain circumstances, a party's attorney may withdraw from a case by filing and serving a notice of withdrawal and substitution.  D. Minn. LR 83.7(b).  "An attorney who seeks to withdraw otherwise than under LR 83.7(a) or (b) must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion."  D. Minn. LR 83.7(c).  Here, Mr. Garner may not withdraw from the representation of M. and M. Hearing and South Georgia Hearing pursuant to Local Rule 83.7(a) because he is the sole attorney who appeared on their behalf.  He did not attempt to withdraw pursuant to Local Rule 83.7(b); there is no substituted counsel.  Thus, the Court construes the Notice of Withdrawal that Mr. Garner filed as a motion to withdraw under Local Rule 83.7(c).

The Notice of Withdrawal states that M. and M. Hearing and South Georgia Hearing "hav[e] become defunct and without assets or resources," and that Mr. Garner "has been instructed to take no action to defend these entities."  An e-mail from Miller to Mr. Garner is attached to the notice.  In it, Miller "instruct[s Mr. Garner] on behalf of these two corporations that [Mr. Garner] may not defend against any efforts to file judgments against them and that [Mr. Garner is] no longer authorized to represent them."  Under the facts and circumstances of this case, the Court grants Mr. Garner's motion to withdraw from the representation of M. and M. Hearing and South Georgia Hearing.

In his capacity as former counsel, Mr. Garner shall send letters to M. and M. Hearing and South Georgia Hearing in which he notifies them that his motion to withdraw was granted, that a corporation cannot appear pro se in federal court, and that they risk default judgments if they fail to appear through counsel.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).  Mr. Garner shall send the letters within seven days of the date of this Order.

## II.  Motion to dismiss the counterclaims

In ruling on Miracle-Ear's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the facts alleged in the counterclaims as true and grants all reasonable inferences in favor of M. and M. Hearing and South Georgia Hearing.  *See Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).  Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

The arguments made by Miracle-Ear in support of its motion to dismiss the counterclaims are sound.  Briefly, the counterclaim for breach of contract rests on an alleged agreement that fails to satisfy the requirements of Minn. Stat. § 513.33 (2010), and the counterclaims for breach of the implied covenant of good faith and fair dealing and for tortious interference with contract and prospective economic advantage essentially restate the one for breach of contract.  *See Minn. Deli Provisions, Inc. v. Boar's Head Provisions Co.*, 606 F.3d 544, 551 (8th Cir. 2010).  Neither M. and M. Hearing nor South Georgia Hearing has a private right to enforce the HIPAA.  *See*

3

*Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam).  Finally, M. and M. Hearing and South Georgia Hearing validly waived application of the Minnesota Franchise Act.  *See Hockey Enters., Inc. v. Total Hockey Worldwide, LLC*, Civil No. 10-2943 (DWF/JSM), 2011 WL 66468, at *6-7 & n.2 (D. Minn. Jan. 10, 2011).  For these reasons, the Court grants Miracle-Ear's motion to dismiss the counterclaims.

### III.  Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Mr. Garner's motion to withdraw from the representation of M. and M. Hearing and South Georgia Hearing [Docket No. 38] is GRANTED. Within seven days of the date of this Order, Mr. Garner shall send letters to M. and M. Hearing and South Georgia Hearing in which he notifies them that his motion to withdraw was granted, that a corporation cannot appear pro se in federal court, and that they risk default judgments if they fail to appear through counsel.

2. Miracle-Ear's motion to dismiss the counterclaims [Docket No. 32] is GRANTED.

3. The counterclaims of M. and M. Hearing and South Georgia Hearing are DISMISSED WITH PREJUDICE.

Dated:  May 12, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge